UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SEWELL C.,[1]

      Plaintiff,

v.

KILOLO KIJAKAZI,[2]
Acting Commissioner of Social Security,

      Defendant.

Case No. 2:21-cv-17253
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Sewell C. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings in connection with Plaintiff's application for Supplemental Security Income.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

I.       PROCEDURAL HISTORY AND ADMINISTRATIVE DECISIONS

On June 3, 2016, Plaintiff, who was represented by counsel,[3] protectively filed an application for Supplemental Security Income ("SSI"), alleging that he has been disabled since May 2016. R. 331–51. Plaintiff also filed an application for Disability Insurance Benefits ("DIB") on June 24, 2016, alleging disability since May 31, 2016. R. 352–53. The DIB application was denied initially and upon reconsideration. R. 183–87, 190–93. Administrative Law Judge Ricardy Damille ("the ALJ") held a hearing on September 19, 2018, R. 95–128, and in a decision dated January 25, 2019, concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 31, 2016, Plaintiff's alleged disability onset date, through the date on which Plaintiff was last insured for DIB. R. 157–175 ("the 2019 decision"). On May 12, 2020, the Appeals Council vacated the 2019 decision and remanded the matter to the ALJ, directing the ALJ to provide Plaintiff an opportunity for another hearing, take any further action needed to complete the administrative record, and issue a new decision. R. 176–80.

The ALJ held another hearing on August 7, 2020. R. 72–94. During that hearing, the ALJ noted that "there's essentially two years of evidence that's not there[,]" R. 79, and referred to a "gap between 2018 and 2020." R. 92. The ALJ therefore ordered a consultative examination, R. 92, which was held on October 28, 2020. R. 2438–50 ("the October 2020 consultative examination"). However, the ALJ's decision, issued on December 18, 2020, neither referred to nor discussed that December 2020 consultative examination. R. 18–33 ("the 2020 decision"). In that decision, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from May 31, 2016, Plaintiff's alleged disability onset date, through the lapse of his insured status for DIB purposes. *Id.* Plaintiff sought review of the 2020 decision by

---

[3] Plaintiff was represented by different counsel in the underlying administrative proceeding.

the Appeals Council, submitting additional medical evidence from April 2020 to December 2020, and asking why the ALJ had given no consideration to Plaintiff's SSI application. R. 41–71 (additional medical evidence submitted to Appeals Council), 491–92 (Plaintiff's brief). The Appeals Council declined review on July 27, 2021. R. 1–7. In declining review, the Appeals Council addressed Plaintiff's inquiry regarding his SSI application and Plaintiff's submission of additional medical evidence generated after the lapse of Plaintiff's insured status:

> In the contentions dated March 2, 2021, your representative indicated it was unknown why there was no consideration given to an application for supplemental security income (Exhibit 27E, page 2). The electronic claim(s) file indicates the application for supplemental security income you protectively filed on June 3, 2016, was denied in an initial determination dated June 30, 2016 (see Exhibits 8D[4] and 14D[5]). The initial determination explained you had 60 days to file an appeal in writing; the 60 days started the day after you received the initial determination letter and you were assumed to have received the letter 5 days after the date on the letter; and you must have had a good reason for waiting more than 60 days to file an appeal. There is no indication in your electronic claim(s) file that you appealed the initial determination on your application for supplemental security income.

R. 1.

> You submitted medical records from Kessler Institute for Rehabilitation dated December 4, 2020 through December 13, 2020 (18 pages) and medical records from University Hospital dated December 4, 2020 through December 8, 2020 (13 pages). The Administrative Law Judge decided your case through December 31, 2016. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2016.

R. 2.

The parties to this action agree that Plaintiff's SSI application was filed in June 2016, *i.e.,* the same month in which Plaintiff's DIB application was filed. *See generally Plaintiff's Brief*,

---

[4] In the Court Transcript Index, Exhibit 8D is captioned "PUPS, New Hire T2, T16, dated 08/23/2018[.]" R. 362–64.
[5] In the Court Transcript Index, Exhibit 14D is captioned "New Hire T2, T16/PUPS, dated 07/22/2020[.]" R. 374–76.

3

ECF No. 16; *Defendant's Brief Pursuant to Local Civil Rule 91.*, ECF No. 18; *Plaintiff's Reply Brief*, ECF No. 19. However, as noted above, the ALJ's 2020 decision did not address that SSI application. R. 18–33. The Appeals Council concluded that the application had been denied and that Plaintiff had not sought further review of that denial. R. 1.

Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1.[6] Plaintiff does not challenge in this action the denial of his DIB claim, but instead addresses only the disposition of his SSI claim.

## II. STANDARD OF REVIEW

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018). Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

---

[6]On January 31, 2022, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 9. The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016).

### III.  DISCUSSION

As noted above, Plaintiff does not challenge the denial of his DIB application. Rather, Plaintiff's assignment of error "hinges on SSA's failure to issue any decision on his SSI claim[.]" *Plaintiff's Brief*, ECF No. 16, pp. 1–2. Plaintiff specifically complains that the Social Security Administration ("the SSA") issued a decision as to only his DIB claim, that there was never a determination of his SSI claim, and that the SSA never provided him with notice of any denial of his SSI claim. *See generally id*. Noting that the Appeals Council relied on Exhibit 8D, R. 362–64, and Exhibit 14D, R. 374–76, in finding that Plaintiff had failed to seek further review of the initial administrative denial of his SSI claim, Plaintiff argues that these documents are apparently SSA's internal coded documents that include no evidence that notice of any such denial had been provided to Plaintiff. *Id*. at 4–5. Plaintiff further argues that, in noting the gap in the medical records from 2018 through 2020 and in ordering a new consultative examination, the ALJ on remand from the Appeals Council must have implicitly understood that Plaintiff's SSI claim for the period following the lapse of Plaintiff's insured

5

status remained for resolution. *Id*. at 4 (citing R. 79, 92). The failure to consider his SSI application cannot be overlooked, Plaintiff contends, because the evidence establishes that Plaintiff qualifies for SSI benefits for the period following the lapse of his insured status for DIB purposes. *Id*. at 5–6 n. 4.

The Acting Commissioner responds that Plaintiff's SSI application was properly denied in an initial determination on June 30, 2016. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 18, p. 12 (citing R. 1, which cites Exhibits 8D and 14D).[7] The Acting Commissioner contends that, as explained by the Appeals Council, Plaintiff's electronic file did not show that Plaintiff timely requested reconsideration of that initial denial and, therefore, Plaintiff did not complete the administrative steps required in order to obtain a hearing before an ALJ on the SSI claim. *Id.* at 12–13.[8] According to the Acting Commissioner, Plaintiff's "various speculations" are insufficient to overcome a presumption of regularity in administrative proceedings and this Court must "'assume that [employees of the SSA] have properly discharged their official duties.'" *Id*. at 14 (quoting *Kephart v. Richardson*, 505 F.2d 1085, 1090 (3d Cir. 1974)).

In reply, Plaintiff insists that he never received the required notice of an initial denial of his SSI application. *Plaintiff's Reply Brief*, ECF No. 19, pp. 1–4. *See* 20 C.F.R. § 416.1404(a).

---

[7] According to the Acting Commissioner, "Exhibit 8D is Plaintiff's Social Security Earnings Record showing that Plaintiff earned $7347.60 in wages between January and May 2016[,]" *id*. at 12 n.5, and the first page of Exhibit 14D, R. 374, "is a computer record which states concerning the SSI claim[,]" *id*. at n.6, as follows:
> DATE OF FILING-06/03/2016 APP RECEIPT-06/07/2016 ID CODE-A CUR ENT CODE-DISABLED DIB ONSET-05/31/2016 DISALOW/DEN RSN-090 LEVEL OF DENIAL-INITIAL.

R. 374.

[8] The Acting Commissioner also argues that "Plaintiff could have been ineligible for SSI based upon living with and receiving support and maintenance from another person in 2016." *Id*. at 13.

Indeed, Plaintiff contends, the Acting Commissioner does not directly dispute that fact, nor has the Acting Commissioner produced any evidence of such notice. *Id.* Plaintiff goes on to argue that this denial constitutes a denial of his constitutional right to due process, over which this Court has jurisdiction. *Id.* at 3–4 (citations omitted). Plaintiff's arguments are well taken.

As an initial matter, Plaintiff's claim before this Court and relating to his SSI application may be seen as raising jurisdictional concerns. Section 405(g) of Title 42 of the United States Code confers on District Courts the jurisdiction to review Social Security benefits cases only after a hearing on such claims:

> Any individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). "Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court." *Smith v. Berryhill*, 587 U.S. ----, 139 S. Ct. 1765, 1772 (2019).

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council.

*Id*. (citing 20 CFR § 416.1400). "If a claimant has proceeded through all four steps on the merits, . . . § 405(g) entitles him to judicial review in federal district court." *Id*.; *see also English v. Soc. Sec. Admin.*, 705 F. App'x 116, 117 (3d Cir. 2017) ("A 'final decision' is one rendered after a claimant has completed a four-step administrative review process consisting of an initial determination, reconsideration, a hearing before an ALJ, and Appeals Council review.") (citing 20 C.F.R. § 416.1400(a)).

"Ordinarily, judicial review is barred absent a 'final decision' by the Commissioner of Social Security." *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). Therefore, a final decision is "'central to the requisite grant of subject matter jurisdiction.'" *Id*. (quoting *Mathews*, 424 U.S. at 328). The requirement of a "final decision"

> "consists of two elements, only one of which is purely "jurisdictional" in the sense that it cannot be waived by the [Commissioner] in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the [Commissioner] be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the [Commissioner]."

*Id*. (quoting *Mathews*, 424 U.S. at 328) (internal quotation marks omitted). "If a plaintiff's claim is collateral to [his] claim for benefits, exhaustion may be waived under certain circumstances." *Id*. (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)); *see also English*, 705 F. App'x at 117 ("Only if a plaintiff's claim is collateral to a claim for benefits, however, may exhaustion be waived."). For instance, a colorable constitutional claim based on an alleged due process violation may confer federal court jurisdiction even if there has not been a "final decision" consistent with 42 U.S.C. § 405(g). *Deleon v. Comm'r of Soc. Sec.*, 191 F. App'x 88, 91 (3d Cir. 2006) ("An allegation that an individual has 'been denied due process of law by not receiving effective notice of [an SSA] reconsideration determination' raises a colorable constitutional issue 'sufficient to confer jurisdiction on the district courts to review the [SSA's] denial of [the plaintiff's] request for a hearing.'") (quoting *Penner v. Schweiker*, 701 F.2d 256, 260–61 (3d Cir. 1983)); *Aponte v. Sullivan*, 823 F. Supp. 277, 282 (E.D. Pa. 1993) ("Because defective notice can give rise to due process violations in some circumstances, . . . we find that plaintiff has made out a colorable constitutional claim sufficient to give us subject matter jurisdiction.") (citations omitted); *cf. Tucker v. Sebelius*, No. CIV. 12-5900, 2013 WL 6054552, at *10 (D.N.J. Nov. 15,

8

2013), *aff'd sub nom. Tucker v. Sec'y of Health & Hum. Servs.*, 588 F. App'x 110 (3d Cir. 2014) ("A colorable constitutional claim may exist where it is the agency's actions that deprive a claimant of his constitutional rights."). *See Califano v. Sanders*, 430 U.S. 99, 109 (1977) (finding no subject matter jurisdiction where the claimant "seeks only an additional opportunity to establish that he satisfies the Social Security Act's eligibility standards for disability benefits" and did not challenge the denial of a petition on constitutional grounds).

The Commissioner's regulations governing SSI applications require that the claimant be given notice of the denial of the application:

> We will mail a written notice of our initial determination to you at your last known address. The written notice will explain in simple and clear language what we have determined and the reasons for and the effect of our determination…. The notice also will inform you of your right to reconsideration….

20 C.F.R. § 416.1404(a). In this case, as set forth above, the only evidence to which the Appeals Council and the Acting Commissioner point to establish that Plaintiff's SSI application had been denied at the initial stage was an internal computer record that contains abbreviations purportedly reflecting the denial of that claim. R. 374. Even if this Court were to accept for present purposes only—without deciding—that this record establishes that Plaintiff's SSI application had in fact been denied at the initial stage, it provides no information even suggesting, let alone confirming, that notice of that denial was given to Plaintiff. Plaintiff represents that he never received notice of the denial of his SSI application and the record before this Court contains no evidence of actual notice. *See Deleon*, 191 F. App'x at 91–92 (disagreeing, in the absence of evidence of notice, with ALJ's discrediting claimant's testimony that she did not receive notice).

It is true that Plaintiff did not expressly claim a denial of due process in his opening brief before this Court; however, such a claim is implicit in his arguments regarding the

Commissioner's alleged failure to provide proper notice of the denial of his SSI application and the ALJ's refusal to consider any evidence generated after the date on which Plaintiff was last insured for DIB purposes. *See Plaintiff's Brief*, ECF No. 16. Moreover, Plaintiff expressly invokes his due process rights in his reply brief. *Plaintiff's Reply Brief*, ECF No. 19. In addition, such a claim is collateral to his claim for benefits in that it raises a colorable constitutional issue sufficient to confer on this Court jurisdiction to review the claim. *See Deleon*, 191 F. App'x at 91. In the absence of any evidence whatsoever that Plaintiff was provided proper notice of the purported denial of his SSI application, the Court cannot conclude that the ALJ's failure to consider Plaintiff's claim to SSI benefits was based on substantial evidence.

The Court therefore concludes that the matter must be remanded to the Acting Commissioner to consider whether Plaintiff's SSI claim was actually denied and, if so, whether proper notice consistent with the applicable regulation was provided to Plaintiff. If proper notice was not provided to Plaintiff, the Acting Commissioner must address "any residual substantive questions" relating to that claim. *See Smith v. Berryhill*, 587 U.S. at ----, 139 S. Ct. at 1780.

## IV.   CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this Opinion and Order.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).


Date:  October 23, 2023               *s/Norah McCann King*
                                      NORAH McCANN KING
                                      UNITED STATES MAGISTRATE JUDGE